831 F.2d 291
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen Lee BARTLETT, Defendant-Appellant.
 No. 87-7053.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 31, 1987.
Decided: Sept. 29, 1987.
 
 Allen Lee Bartlett, appellant pro se.
 John Allen Kessler, Office of the United States Attorney, for appellee.
 S.D.W.Va.
 VACATED AND REMANDED.
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CR 86-119).
 Before CHAPMAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Allen Lee Bartlett, a federal inmate, appeals from the district court's denial of his motion to correct or reduce his sentence pursuant to Fed.R.Crim.P. 35. We vacate and remand.
 
 
 2
 Bartlett initially pled guilty to conspiring to commit murder in furtherance of a criminal enterprise in violation of 18 U.S.C. Sec. 1952B(a)(5). He received a sentence of ten years' imprisonment and a judgment of $5,000 restitution to be paid to the victim's family.
 
 
 3
 Bartlett subsequently was charged with perjury in violation of 18 U.S.C. Sec. 1623(c), when he recanted his testimony which had implicated another suspect in the murder-for-hire scheme. He pled guilty to perjury pursuant to a plea agreement and received a five year sentence, to be consecutive to his previous sentence. A fine of $100,000 was also imposed on him under 18 U.S.C. Sec. 3571.
 
 
 4
 Bartlett asked the district court to make his sentences concurrent and to reduce his fine, alleging his inability to pay it. Bartlett states in his motion that the district court failed to consider his ability to pay as shown by his income, earning capacity and financial resources or the burden the fine would impose on him relative to that imposed by other punishments. He correctly states that consideration of these factors is required by 18 U.S.C. Sec. 3572(a). At the time Bartlett's sentence was imposed, neither Sec. 3571 nor Sec. 3572 was in effect. The effective date of those sections is November 1, 1987. See 18 U.S.C. Sec. 3572; 18 U.S.C. Sec. 3551.
 
 
 5
 However, the fine was authorized under 18 U.S.C. Sec. 3623 and the sentencing judge was indeed required, under 18 U.S.C. Sec. 3622, and to take into account Bartlett's income and the burden on him of any fine imposed. That law does not require the judge to state on the record that he has considered the factors listed in Sec. 3622. Bartlett has not shown that the factors were not considered. Nonetheless, this Court has held, in United States v. Bruchey, 810 F.2d 456, 458 (4th Cir.1987), that because the Victim and Witness Protection Act (VWPA) requires the trial judge to consider certain factors before ordering restitution, effective appellate review of the legality of a restitution order necessitates specific findings of the district court. This Court, therefore, requires such findings, even though the language of the VWPA does not. Similarly, effective review of a fine imposed under 18 U.S.C. Sec. 3623 is difficult unless the trial judge provides a statement of his reasons for imposing the fine relative to the factors he is required to consider under 18 U.S.C. Sec. 3622.
 
 
 6
 Accordingly, we remand this case for further proceedings in order to give the district court an opportunity to reconsider its imposition of the fine in the light of the requirements of 18 U.S.C. Sec. 3622 and our holding in Bruchey. The district court may decide to resentence Bartlett if, after reconsideration, it finds that appropriate. At the least, it should provide this Court with a statement of its reasons for imposing the fine, and it should correct the statutory reference in the judgment and commitment order.
 
 
 7
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 8
 VACATED AND REMANDED.